Filed: 9/13/2016 1:33:39 PM
Susan Anderson
District Clerk.
Marion County, Texas

B. J. Westbrook

CAUSE NO. <u>1600141</u>

| | | |
|---|---|---|
| KMK OIL & GAS, Inc. | § | IN THE DISTRICT COURT OF |
| a Texas Corporation and | § | |
| KENNETH M. KLEINKE, | § | |
| individually | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | MARION COUNTY, TEXAS |
| | § | |
| JETT JONES ENERGY, LLC, and, | § | |
| JERRY JONES, JR., a/k/a JETT JONES | § | |
| | § | |
| Defendants | § | <u>276th/115th</u>  JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION
### AND
### REQUEST FOR DISCLOSURE

---

TO THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW, Plaintiffs KMK Oil & Gas, Inc. (hereinafter "KMK") and Kenneth M. Kleinke (hereinafter "Kleinke") complaining of Defendants Jett Jones Energy, LLC (hereinafter "Jett Jones Energy") and Jerry Jones, Jr., a/k/a Jett Jones, individually, (hereinafter "Jett Jones") and in support thereof respectfully shows the Court the following:

## I.    DISCOVERY CONTROL PLAN

1.      Discovery is intended to be conducted under level 3 of Texas Rules of Civil Procedure Rule 190.3.

## II.    SUMMARY

This case concerns, among other claims, fraudulent misrepresentation, common law fraud, breach of contract, and conversion. These claims arise from transactions involving KMK and Defendants Jett Jones Energy and Jett Jones as more particularly set forth in the factual allegations below.

## III.    PARTIES

2.    KMK Oil & Gas, Inc. a Texas Corporation duly organized under the laws of the State of Texas is a resident of Harrison County, Texas, with a principal place of business at 115 N. Wellington Street, Suite 100, Marshall, Texas 75670.

3.    Kleinke is a resident of Harrison County, Texas, with a principal place of business at 115 N. Wellington Street, Suite 100, Marshall, Texas 75670

4.    Jett Jones Energy is a duly organized Limited Liability Company organized under the laws of the State of Texas whose office address is 201 W. Houston Street, Marshall, Texas 75670, and who may be serve d with process at said office.

5.    Jett Jones is an individual who resides in Texas, whose usual place of business is located at, 201 W. Houston Street, Marshall, Texas 75670, and who may be served with process at said office.

## IV.  JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction in this case because the amount in controversy, exclusive of interest and costs, is in excess of the minimum jurisdictional limit of this Court. KMK seeks monetary relief over $200,000.00 but less than $1,000,000.00 and all other relief to which they show themselves entitled.

7.     Venue is proper in Marion County, Texas, pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code because all of the real property mineral interest rights, the subject of this lawsuit, or a part of the events or omissions that gave rise to this lawsuit occurred in Marion County, Texas.

## V.  NOTICE/CONDITIONS PRECEDENT

8. All conditions precedent necessary to maintain this action have occurred or been performed.

## VI. FACTS

9.     On or about November 25, 2011, KMK entered into negotiations to purchase from Jett Jones Energy and Jett Jones certain oil and gas mineral interest leases covering one hundred percent of a total of 759.47 gross acres (490.03 net acres) at the price of approximately $700.00 per net acre collectively situated in the A-413 John Walker Survey, A-259 J.R Loughridge Survey and the A-274 Isaac Moody Survey, all being situated in Marion County, Texas. The actual tracts of land within this leasehold were represented by Defendants to be 208.47 net acres (known as the Woods Tract), 90.0 net acres (known as the Blackburn Tract), 100.0 net acres (known as the Benton Tract), and 100.0 net acres (known as the Dotson Tract), that were all situated in the John Walker Survey, Loughridge Survey and Isaac Moody Survey.

10.    Two of the tracts of land Jett Jones Energy and/or Jett Jones represented as part of this assignment consisted of for the first tract (Moody Tract) which was represented to be as much as

170.0 gross acres but at least 154 gross acres and Plaintiff was charged for 154 gross acres. Subsequently, KMK has learned that in fact that the Moody Tract under lease by Defendants only in actuality consisted of 77.0 net acres not the 154 gross acres as represented by Defendants to be under lease in the Moody Tract. Also, KMK learned that the Loughridge Tract only in actuality consisted of 67.0 net acres not the 107 gross acres as represented by Defendants to be under lease in the Loughridge Tract.

11.    The amount actually paid by KMK to Defendants for all of the leases which included amounts for these intentionally and maliciously misrepresented and fraudulent leases was the total amount of $343,017.64 paid by cashier's check to Jett Jones Energy and/or Jett Jones allegedly as stated for leases on a total acreage of 759.47 Gross Acreage and net acres of 490.03 as represented by Mr. Jett Jones on behalf of Jett Jones Energy and himself at the time of the sale being one hundred percent (100%) of the total acreage in all of these tracts.

12.    Further, Jett Jones represented on behalf of Jett Jones Energy and himself that all of this acreage was one hundred percent (100%) leased. Which subsequently KMK has discovered to be a lie and in contravention to the representations to KMK which caused and induced the agreement of the parties with respect to the alleged purchase and assignment of leases representing a one hundred percent assignment of the entirety of the mineral interest leases covering these tracts.

The Defendants as stated had represented that they owned one hundred percent (100%) of all of the mineral leases covering these tracts when in fact and actuality only approximately eighty-six percent (86%) of this acreage was in fact leased by the Defendants. KMK had paid in accord with their agreement(s) with the Defendants for mineral leases for one hundred percent (100%) of the acreage.

Thereafter and during 2012, KMK was approached by Jett Jones on behalf of Jett Jones Energy and/or Jett Jones to buy additional oil and gas mineral interest leases on additional acreage thereby taking additional leases that were not included and/or assigned as part of the original package from Defendants. This additional acreage which is also located in A-413 John Walker Survey (which exact acreage is currently under review) (known as the Walker Tract), 112.50 gross acres (known as the Hall Tract) and 82.84 gross acres (which exact acreage also is currently under review) in the A-274 Isaac Moody Survey West side (known as the F. Johnson Tract), and 82.84 gross acres in the Isaac Moody Survey East side (known as the J. Johnson Tract). Total net acres were represented by Defendants to be 210.16, for the total amount of $147,113.82 at $700.00 per net mineral acre. KMK paid this amount to Defendants based on the representations made by Defendants and/or the agreement of the parties. Mr. Jett Jones on behalf of Jett Jones Energy and/or Jett Jones represented to Mr. Ken Kleinke that this acreage was in fact one hundred percent (100%) leased, which KMK thereafter has learned may be a deliberate misstatement and in contravention to the prior representations to KMK as stated above and the agreement of the parties with respect to the purchase and assignment of the mineral interest leases. A title analysis is currently underway to determine the actual depth of the fraud and lies in this regard.

13.     For rest of the year 2012, KMK not having discovered the depth of the misrepresentations, lies and fraud committed by the Defendants hired and worked with Jett Jones Energy and/or Jett Jones to lease the remainder of any unleased acreage, in the Isaac Moody Survey and John Walker Survey. KMK now knows at this time for a fact that in the survey known as A-413 Dotson 100-acre tract (Dotson Tract) that Jett Jones Energy and/or Jett Jones did not enter into any leases, and also, that in the Isaac Moody Survey A-274 which consists of a seventy (70) acre tract (Moody Tract #1) and an additional 100-acre tract (Moody Tract #2) that only half of the acreage was in

fact leased in these tracts contrary to the numerous representations of Jett Jones Energy and/or Jett Jones that one hundred percent (100%) of the Moody Tracts was leased by the Defendants. This information was discovered from a title opinion by Scott Petry, Esq., Attorney at Law Houston, Texas secured by KMK on or about July 10, 2015.

Further during the balance of 2014, KMK had only minimal dealings with Jett Jones Energy and/or Jett Jones. However, during this period of time Jett Jones agreed to sell to Ken Kleinke a total of four point two five percent (4.25%) of his overriding royalty interest in the Benton Gas Unit. Subsequently and contrary to Jett Jones Energy and/or Jett Jones representations, which induced the agreement to purchase said overriding royalty interest from the Defendant, through title research Kleinke has learned that Jett Jones Energy and/or Jett Jones did not own that much overriding royalty interest in the Benton Gas Unit. Additionally, along with that fact KMK subsequently learned that Jett Jones had sold all or most of his overriding royalty interest to Kyle Madden, Keren Shields and Two Rock Energy, owned by Kent Sturrock. Plaintiff Kleinke paid Jett Jones the total sum of $90,000.00 for this overriding royalty interest which the Defendant did not in fact own at the time of the purchase.

14.     Brazeningly enough in light of the above noted misrepresentation, lies and facts, on or about April 9, 2012, Mr. Jett Jones on behalf of the Defendants approached Ken Kleinke individually and asked him if he would like to go in with the Defendants to buy some available leases in Harrison County, Texas. The tract of land in question is commonly called the Lott Tract and Ken Kleinke's part would be $17,500.00 Dollars. Jett Jones would also put up $17,500.00 and the they would subsequently sell the lease acreage to Devon Energy, since he knew them so well. Ken Kleinke paid the $17,500.00 to Jett Jones Energy and/or Jett Jones.

Thereafter, Mr. Kleinke asked Jett Jones about these lease interests and Jett Jones came back with the answer that Devon Energy did not want to buy any more acreage in Harrison County, Texas. Jett Jones did not return any funds given to him for the acquisition of such interests which never occurred.

Further, Ken Kleinke acting on behalf of the Plaintiffs also had requested for Jett Jones to give him the written assignment on the leasehold interests on the Lott acreage with Jett Jones Energy. KMK has only recently discovered that in fact in 2014 Jett Jones nor Jett Jones Energy had never filed any assignments with respect to such mineral interest leases nor in fact even made the any such leases all of which is contrary to the numerous representations of the Defendants. The only leases on this acreage were made in 2009, and were done by Two Rock Energy with a three-year initial term and a two-year extension option. Following that time period, the acreage was leased was by Devon Energy in 2014 and not the Defendants who never held any interests in said acreage.

## VII.  PLEADINGS FILED IN THE ALTERNATIVE

15.     Plaintiffs hereby plead all of their claims, causes of action, relief and remedies demanded, and further pleadings alternatively and hypothetically, without specifying in each separate paragraph herein that same are thus pled alternatively and hypothetically, as specifically allowed by Texas Rules of Civil Procedure 47, 48, and 51.

## VIII.  CAUSES OF ACTION

### First Cause of Action – Breach of Contract

16.     The foregoing paragraphs 9-16 are incorporated herein as if set forth in full.

17.     Plaintiff and Defendant entered into a series valid and enforceable oral contracts that were performable within one year. By these contracts, the parties agreed that Defendants would sell and assign to Plaintiff KMK one hundred percent (100%) of the oil and gas mineral interest leases covering all of that certain acreage as agreed by the parties totaling approximately 1037.18 acres at the price of $700.00 per net acre.

18.     Plaintiff fully performed Plaintiff's contractual obligations by paying the total amount agreed for one hundred percent (100%) of the mineral interest leases for all of the acreage all as represented and agreed to by Defendants.

19.     Defendant materially breached the contract by failing to assign and deliver hundred percent (100%) of the mineral interest leases for the respective tracts of land as agreed and specified above.

20.     Defendant's breach caused injury to plaintiff, which resulted in damages over $200,000.00 but not more than $1,000,000.00.

21.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

22.     Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this is a suit for breach of one or more oral agreements/contracts. Plaintiff retained counsel, who presented plaintiff's claims to defendants. Defendant did not tender the amount owed within thirty (30) days of when the claim was presented.

## IX.
### Second Cause of Action - Fraud

23.     The foregoing paragraphs 9-16 are incorporated herein as if set forth in full.

24.     Defendants made the representations to Plaintiffs as set forth above.

25.     Defendants' representations to Plaintiffs were material because Defendants knew Plaintiffs were acquiring the various leasehold interest in order that they could proceed ahead with their drilling program(s) and without all of the leases which were represented to be included in the sale and assignment, i.e. 100% of the leases for said tract(s), Plaintiffs would not be able to proceed forward on their drilling plans.

26.     Defendants' representations to plaintiff were false statements of fact in that Defendants did not actually have all of the leases as they falsely and maliciously represented as set forth above. Further, Defendants' conduct amounted to false representation(s) to Plaintiffs.

27.     Defendants made the false representation(s) knowing they were in fact false and erroneous.

28.     Defendants made the false representation(s) recklessly, as positive assertions, and with knowledge of their untruths.

29.     Defendants intended for Plaintiffs to rely on or had reason to expect Plaintiffs would act in reliance on the false representation(s).

30.     Plaintiffs relied on Defendants' false representation(s) when Plaintiffs in fact purchased the leases at the agereed price based on the acreage as egregiously misrepresented to them.

31.     Defendants' false representation(s) directly and proximately caused injury to plaintiff, which resulted in damages over $200,000.00 but not more than $1,000,000.00.

32.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

33.     Exemplary damages. Plaintiffs' injury resulted from Defendant's actual fraud or malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a) for which Plaintiffs sue Defendants.

X.

## Third Cause of Action - Fraud by Nondisclosure

34.    The foregoing paragraphs 9-16 are incorporated herein as if set forth in full.

35.    In the alternative to other counts, Defendants committed fraud by nondisclosure in that they failed to disclose the actual facts concerning the true leasehold acreage and status of the leases which they were well aware of and failed to disclose same to the Plaintiffs.

36.    Defendants' false representation(s) directly and proximately caused injury to plaintiff, which resulted in damages over $200,000.00 but not more than $1,000,000.00.

37.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

38.    Exemplary damages.  Plaintiffs' injury resulted from Defendant's actual fraud or malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a) for which Plaintiffs sue Defendants.

XI.

## Fourth Cause of Action - Negligent Misrepresentation

39.    The foregoing paragraphs 9-16 are incorporated herein as if set forth in full.

40.    In the alternative to other counts, Defendants committed negligent misrepresentation.

41.    By virtue of those acts and omissions of Defendants referenced above, Defendants concealed and failed to disclose material facts within their knowledge, and they knew that Plaintiffs were ignorant of such facts and were relying thereon and did not have an equal opportunity to discover the truth. Defendants had a duty to speak but deliberately remained silent;

thus, Defendants' silence is equivalent to false representations. Moreover, if Defendants disclosed any such facts, Defendants had the duty to disclose the whole truth, which duty Defendants breached.

42.     Defendants made these material misrepresentations, omissions, and concealments for the purpose and with the intent that they should be acted upon by Plaintiffs and that Plaintiffs should remain ignorant of the herein-described wrongful acts and omissions.

43.     Plaintiffs detrimentally relied upon these material misrepresentations, concealments, and omissions and thereby suffered injury and damage.

44.     Defendants' fraud has directly and proximately caused and resulted in damages to Plaintiffs, for which Plaintiffs hereby sue Defendants, jointly and severally. Plaintiffs hereby sue Defendants for all of those remedies set forth herein.

45.     Defendants' false representation(s) directly and proximately caused injury to plaintiff, which resulted in over $200,000.00 but not more than $1,000,000.00.

46.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

47.     Exemplary damages.  Plaintiffs' injury resulted from Defendant's actual fraud or malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a) for which Plaintiffs sue Defendants.

## XII.

### Fifth Cause of Action - Conversion

48.     All of the foregoing paragraphs are incorporated herein as if set forth in full.

49.    Jett Jones Energy wrongfully exercised dominion and control over KMK's money when it failed to deliver the mineral leases as agreed.

50.    On information and belief, Jett Jones Energy and/or Jett Jones wrongfully exercised dominion and control over KMK's monies after failing to deliver the agreed upon mineral leases.

51.    This action damaged KMK in an amount over $200,000.00 but not more than $1,000,000.00 for which Plaintiffs sue.

## XIII.

### Sixth Cause of Action -  Respondent Superior

52.    The foregoing paragraphs 9-16 are incorporated herein as if set forth in full.

**53.**    Jett Jones is the owner, an officer and is effectively employed by Jett Jones Energy. He acted within the course and scope of his employment with Jett Jones Energy when he fraudulently induced KMK to agree to a sale and assignment of certain mineral leases and other oil and gas interests when he or Jett Jones Energy did not own the amount represented to Plaintiffs at the time. Jett Jones made representations regarding the ownership and status of said mineral leases, and failed to disclose other wrongful acts and/or omissions some of which are identified above.

54.    Jett Jones Energy is, accordingly, vicariously liable for Jett Jones's tortious conduct under the doctrine of *respondeat superior*.

### XIV.    ATTORNEYS' FEES

55.    KMK seeks and is entitled to recover reasonable attorneys' fees and expenses for necessary legal services for his breach of contract cause of action. An award of attorneys' fees and

expenses to KMK would be equitable and just, and are authorized by Section 38.001 and Section 134.005(b) of the Texas Civil Practice & Remedies Code.

## XV.    JURY TRIAL DEMAND

56.    KMK hereby demands a trial by jury and tenders the applicable fee.

## XVI.    REQUEST FOR DISCLOSURE

57.    Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2.

## XVII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein as required by law and request a judgment that awards Plaintiffs their full compensatory damages, loss of investment, attorneys' fees, costs, expenses, and exemplary damages, and for such other and further relief to which Plaintiff shows itself justly entitled.

Respectfully submitted,

LAW OFFICES OF DARRELL CLEMENTS

/Darrell L. Clements/
Darrell L. Clements
State Bar No. 04362300
dclements.txlawyer@gmail.com
17110 Dallas Parkway, Suite 214
Dallas, TX 75248

Telephone:    (214) 750-6300
Facsimile:    (972) 735-8121

**ATTORNEY FOR PLAINTIFF**

1600141

THE STATE OF TEXAS
MARION COUNTY
DISTRICT COURT

## CITATION FOR PERSONAL SERVICE

To:  JETT JONES ENERGY, LLC
      201 W. HOUSTON STREET
      MARSHALL, TEXAS 75670

**NOTICE TO DEFENDANT:**
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY
DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY
10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER
YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN
AGAINST YOU.**

        You are hereby commanded to appear by filing a written answer to the petition of plaintiff at or before 10
o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the
Honorable District Court of Marion County, Texas at the Courthouse of said County in Jefferson, Texas.
        Said petition was filed in said Court on the 13th day of September, 2016, in this cause, numbered
1600141 on the docket of said Court and styled:

KMK OIL AND GAS, INC.               VS              JETT JONES ENERGY, LLC
A TEXAS CORPORATION AND                              AND JERRY JONES JR.,
KENNETH M. KLEINKE, INDIVIDUALLY                     A/K/A JETT JONES

ATTORNEY FOR PLAINTIFF:         DARRELL L. CLEMENTS
                                17110 DALLAS PARKWAY, SUITE 214
                                DALLAS, TEXAS 75248

        The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this
citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to
requirements of law, and mandates thereof, and make due return as the law directs.
        Issued and given under my hand and seal of said Court at Jefferson, Marion County, Texas, this the 13th
day of September, 2016.

                                        Susan Anderson, District Clerk
                                        Marion County, Texas

                                        By_____ Deputy

OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand this ___ day of _____, 20 ___, and executed at _____, within the County
of_____ at ___ o'clock ___m. on the ___ day of _____, _____, by delivering to the within
named _____, in person, a true copy of this citation together with the accompanying
copy of the petition, and endorsed on said copy of citation the date of delivery.
                                        Sheriff/Constable of _____ County, Texas
                                        By: _____ Deputy
                                        or authorized person: _____
Subscribed and sworn to before me, the undersigned authority, this ___ day of _____, _____.

                                        _____
                                        Notary Public
                                        Commission Expires: _____



1600141

THE STATE OF TEXAS
MARION COUNTY
DISTRICT COURT

## CITATION FOR PERSONAL SERVICE

To: JERRY JONES JR., a/k/a JETT JONES
201 W. HOUSTON STREET
MARSHALL, TEXAS 75670

**NOTICE TO DEFENDANT:**
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY
DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY
10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER
YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN
AGAINST YOU.**

You are hereby commanded to appear by filing a written answer to the petition of plaintiff at or before 10
o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the
Honorable District Court of Marion County, Texas at the Courthouse of said County in Jefferson, Texas.

Said petition was filed in said Court on the 13th day of September, 2016, in this cause, numbered
1600141 on the docket of said Court and styled:

KMK OIL AND GAS, INC.  VS  JETT JONES ENERGY, LLC
A TEXAS CORPORATION AND  AND JERRY JONES JR.,
KENNETH M. KLEINKE, INDIVIDUALLY  A/K/A JETT JONES

ATTORNEY FOR PLAINTIFF:  DARRELL L. CLEMENTS
17110 DALLAS PARKWAY, SUITE 214
DALLAS, TEXAS 75248

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this
citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to
requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Jefferson, Marion County, Texas, this the 13th
day of September, 2016.

Susan Anderson, District Clerk
Marion County, Texas

By: _Billie J. Westbrook_ Deputy

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand this ___ day of _____, 20 ___, and executed at _____, within the County
of _____ at ___ o'clock ___ m. on the ___ day of _____, _____, by delivering to the within
named _____, in person, a true copy of this citation together with the accompanying
copy of the petition, and endorsed on said copy of citation the date of delivery.

Sheriff/Constable of _____ County, Texas
By: _____ Deputy
or authorized person: _____

Subscribed and sworn to before me, the undersigned authority, this ___ day of _____, _____.

_____

Notary Public
Commission Expires: _____



Filed 9/22/2016 10:00:08 AM
Susan Anderson
District Clerk
Marion County, Texas

B. J. Westbrook

THE STATE OF TEXAS
MARION COUNTY
DISTRICT COURT

1600141
Original Affidavit of
Service Is Attached

## CITATION FOR PERSONAL SERVICE

To:  JETT JONES ENERGY, LLC
201 W. HOUSTON STREET
MARSHALL, TEXAS 75670

**NOTICE TO DEFENDANT:**
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY
DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY
10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER
YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN
AGAINST YOU.**

You are hereby commanded to appear by filing a written answer to the petition of plaintiff at or before 10
o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the
Honorable District Court of Marion County, Texas at the Courthouse of said County in Jefferson, Texas.

Said petition was filed in said Court on the 13th day of September, 2016, in this cause, numbered
1600141 on the docket of said Court and styled:

| KMK OIL AND GAS, INC. | VS | JETT JONES ENERGY, LLC |
|---|---|---|
| A TEXAS CORPORATION AND | | AND JERRY JONES JR., |
| KENNETH M. KLEINKE, INDIVIDUALLY | | A/K/A JETT JONES |

ATTORNEY FOR PLAINTIFF:       DARRELL L. CLEMENTS
17110 DALLAS PARKWAY, SUITE 214
DALLAS, TEXAS 75248

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this
citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to
requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Jefferson, Marion County, Texas, this the 13th
day of September, 2016.

Susan Anderson, District Clerk
Marion County, Texas
By: _____ Deputy

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand this ___ day of _____, 20 __, and executed at _____, within the County
of _____ at ____ o'clock ___ m. on the ____ day of _____, _____, by delivering to the within
named _____, in person, a true copy of this citation together with the accompanying
copy of the petition, and endorsed on said copy of citation the date of delivery.

Sheriff/Constable of _____ County, Texas
By: _____ Deputy
or authorized person: _____

Subscribed and sworn to before me, the undersigned authority, this ___ day of _____, _____.

_____

Notary Public
Commission Expires: _____

RETURN TO COURT

# AFFIDAVIT OF SERVICE

Filed: 9/22/2016 9:31:13 AM
Susan Anderson
District Clerk,
Marion County, Texas

B. J. Westbrook
**District Court**

State of Texas                  County of Marion

Case Number: 1600141

Plaintiff:
KMK Oil And Gas, Inc., A Texas Corporation Et Al

vs.

Defendant:
Jett Jones Energy, LLC, Et Al

For:
Darrell L. Clements

Received by Special Delivery Service, Inc. on the 15th day of September, 2016 at 2:00 pm to be served on **Jerry Jones, Jr.** a/k/a Jett Jones, 201 W. Houston Street, Marshall, Harrison County, TX 75670.

I, Laren Tritch, being duly sworn, depose and say that on the **15th day of September, 2016 at 2:45 pm,** I:

**PERSONALLY** delivered a true copy of the **Citation; Plaintiff's Original Petition And Request For Disclosure** to Jerry Jones, Jr. a/k/a Jett Jones at the address of **201 W. Houston Street, Marshall, Harrison County, TX 75670** with the date of delivery endorsed thereon by me.

Executed in Gregg County, State of Texas on _09 / 16 / 16_ .

**Additional Information pertaining to this Service:**
WHITE MALE APPROXIMATELY 45-55 YRS OLD 6'2"-6'4" TALL WEIGHING 220-240 LBS WITH GRAY HAIR.

No Information was provided or discovered that indicates the defendant/respondent is a member of the U. S. Military.

I am certified under order of Texas Supreme Court to deliver process. I am not a party to or interested in the outcome of this suit. I received and delivered the above listed Documents to Defendant as stated above. This Affidavit/Return is verified or is signed under penalty of perjury.

Subscribed and Sworn to before me on the _16_ day of
_Sept_ , 20_16_ by the affiant who is
personally known to me.

_Pat. Arnold_
Notary Public for the State of Texas

_Laren Tritch_
SCH10955 Exp. 6-31-17

**Special Delivery Service, Inc.**
5470 L.B.J. Freeway
Dallas, TX 75240-1049
(800) 352-7290

Our Job Serial Number: TCB-2016000770
Ref: 2580571
Service Fee: _____

PAT ARNOLD
Notary Public, State of Texas
My Commission Expires
July 01, 2019

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Filed 9/22/2016 9:57:21 AM
Susan Anderson
District Clerk
Marion County, Texas

B. J. Westbrook

THE STATE OF TEXAS
MARION COUNTY
DISTRICT COURT

1600141
Original Affidavit of
Service Is Attached

## CITATION FOR PERSONAL SERVICE

To: JERRY JONES JR., a/k/a JETT JONES
201 W. HOUSTON STREET
MARSHALL, TEXAS 75670

**NOTICE TO DEFENDANT:**
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY
DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY
10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER
YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN
AGAINST YOU.**

You are hereby commanded to appear by filing a written answer to the petition of plaintiff at or before 10
o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the
Honorable District Court of Marion County, Texas at the Courthouse of said County in Jefferson, Texas.
Said petition was filed in said Court on the 13th day of September, 2016, in this cause, numbered
1600141 on the docket of said Court and styled:

KMK OIL AND GAS, INC.                     VS                    JETT JONES ENERGY, LLC
A TEXAS CORPORATION AND                                         AND JERRY JONES JR.,
KENNETH M. KLEINKE, INDIVIDUALLY                               A/K/A JETT JONES

ATTORNEY FOR PLAINTIFF:        DARRELL L. CLEMENTS
                               17110 DALLAS PARKWAY, SUITE 214
                               DALLAS, TEXAS 75248

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this
citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to
requirements of law, and mandates thereof, and make due return as the law directs.
Issued and given under my hand and seal of said Court at Jefferson, Marion County, Texas, this the 13th
day of September, 2016.

Susan Anderson, District Clerk
Marion County, Texas

By _Lillie J. Westbrook_ Deputy

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand this ___ day of _____, 20 ___, and executed at _____, within the County
of _____ at ___ o'clock ___m. on the ___ day of _____, _____, by delivering to the within
named _____, in person, a true copy of this citation together with the accompanying
copy of the petition, and endorsed on said copy of citation the date of delivery.

Sheriff/Constable of _____County, Texas
By: _____Deputy
or authorized person: _____

Subscribed and sworn to before me, the undersigned authority, this ___ day of _____, _____.

_____

Notary Public
Commission Expires: _____

RETURN TO COURT

# AFFIDAVIT OF SERVICE

Filed: 9/22/2016 9:31:13 AM
Susan Anderson
District Clerk,
Marion County, Texas

B. J. Westbrook
District Court

State of Texas                                        County of Marion

Case Number: 1600141

Plaintiff:
KMK Oil And Gas, Inc., A Texas Corporation Et Al
vs.
Defendant:
Jett Jones Energy, LLC, Et Al

For:
Darrell L. Clements

Received by Special Delivery Service, Inc. on the 15th day of September, 2016 at 2:00 pm to be served on **Jet Jones Energy, LLC, 201 W. Houston Street, Marshall, Harrison County, TX 75670.**

I, Laren Tritch, being duly sworn, depose and say that on the **15th day of September, 2016** at **2:45 pm,** I:

delivered a true copy of the **Citation; Plaintiff's Original Petition And Request For Disclosure** with the date of delivery endorsed thereon by me, to: Jerry Jones, Jr. aka Jett Jones as the**Authorized Person** for **Jet Jones Energy, LLC,** at the address of: **201 W. Houston Street, Marshall, Harrison County, TX 75670,** and informed said person of the contents therein, in compliance with state statutes.

Executed in Gregg County, State of Texas on   9 / 16 / 16 .

No Information was provided or discovered that indicates the defendant/respondent is a member of the U. S. Military.

I am certified under order of Texas Supreme Court to deliver process. I am not a party to or interested in the outcome of this suit.  I received and delivered the above listed Documents to Defendant as stated above. This Affidavit/Return is verified or is signed under penalty of perjury.

Subscribed and Sworn to before me on the _16_ day of
____Sept____, 20_16_ by the affiant who is
personally known to me

_____
Notary Public for the State of Texas



```
╔══════════════════════════════╗
║        PAT ARNOLD            ║
║  Notary Public, State of Texas║
║    My Commission Expires      ║
║       July 01, 2019           ║
╚══════════════════════════════╝
```

_____
Laren Tritch
SCH10955 Exp. 5-31-17

Special Delivery Service, Inc.
5470 L.B.J. Freeway
Dallas, TX 75240-1049
(800) 352-7290

Our Job Serial Number: TCB-2016000771
Ref: 2580576
Service Fee: _____

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Filed:  10/5/2016 2:13:51 PM
Susan Anderson
District Clerk,
Marion County, Texas

B. J. Westbrook

## NO. 1600141

| | | |
|---|---|---|
| KMK OIL & GAS, INC. AND | § | IN THE DISTRICT COURT |
| KENNETH M. KLEINKE | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 276/115 JUDICIAL DISTRICT |
| | § | |
| JETT JONES ENERGY, LLC AND | § | |
| JETT JONES | § | |
| Defendant. | § | OF MARION COUNTY, TEXAS |

### DEFENDANTS' ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND COUNTERCLAIMS

**NOW COMES** Defendants, Jett Jones Energy, LLC and Jett Jones, named Defendants in the above-entitled and numbered cause, and files this their Original Answer, Special Exceptions, and Counterclaim, and shows the Court:

### SPECIAL EXCEPTIONS

1.      Defendants submit the following exceptions to Plaintiffs' Petition:

a.      Plaintiffs' allegations are so general that Defendant does not have fair notice of the claims.  Specifically, Plaintiffs have failed to plead any specific facts to give notice of the claims against Jett Jones in his personal capacity.

### GENERAL DENIAL

2.      Defendants deny each and every allegation of Plaintiffs' Original Petition, and demand strict proof thereof as required by the Texas Rules of Civil Procedure.

### VERIFIED DENIAL

3.      Defendant Jett Jones is not liable in his personal capacity.  All of the transactions that make up this lawsuit were between Plaintiffs and Jett Jones Energy, LLC.

## AFFIRMATIVE DEFENSES, all plead in the alternative

4.     Defendants claim Plaintiffs' suit is barred by the statute of limitations.

5.     Defendants claim Plaintiffs' suit is barred by the doctrine of contributory negligence.

6.     Defendants claim Plaintiffs' suit is barred by estoppel.

7.     Defendants claim Plaintiffs' suit is barred by the doctrine of laches.

8.     Defendants claim Plaintiffs' suit is barred by the doctrine of waiver.

9.     Defendants claim Plaintiffs' suit is barred by the economic loss rule.

10.    Defendants claim Plaintiffs' suit is barred by assumption of the risk.

11.    Defendants claim Plaintiffs' suit is barred by the statute of frauds.

12.    Defendants claim Plaintiffs' suit is barred by the merger doctrine.

## DEFENDANTS' COUNTERCLAIMS

13.    Defendant Jett Jones Energy, LLC holds an overriding royalty interest in the Benton Gas Unit operated by Plaintiff KMK Oil & Gas, Inc.  Based upon information and belief, Plaintiff unilaterally suspended the payment of this interest without notice to Jett Jones Energy and without cause.  Jett Jones Energy has previously demanded to KMK Oil & Gas to release the monies owed, interest owed, and to disclose all of the information required by Chapter 91 of the Texas Natural Resource Code.

14.    To date, KMK Oil & Gas has failed to respond to Jett Jones Energy regarding this interest in all respects.  Jett Jones Energy now claims all damages owed including royalty, interest, and attorney's fees.

15.    It was also discovered recently that Plaintiff Ken Kleinke, on behalf of himself and in his role as the president and owner of KMK Oil & Gas, was speaking to an employee of a

local oilfield construction business wherein he stated that he had Jett Jones "put in jail." Plaintiffs knew said statement was false and defamatory at the time it was uttered. Additionally, the Plaintiffs' actions in this regard constitute defamation per se. They acted with malice in an attempt to cause harm to Defendant Jett Jones.

16.    Defendant Jett Jones now seeks general, special, and exemplary damages as a result of Plaintiffs defamatory remarks.

## PRAYER

Defendants prays the Court will sustain the exceptions to the Plaintiffs' Petition and order Plaintiffs to replead and after notice and hearing or trial, enters judgment in favor of Defendants, awards Defendants the costs of court, damages, attorney's fees, and such other and further relief as Defendants may be entitled to in law or in equity.

Respectfully submitted,

By: *Josh B. Maness*

Josh B. Maness
Texas Bar No. 24046340
Email: manessjosh@hotmail.com
480 W. Texas Avenue
Waskom, Texas 75692
Tel. (903) 407-8455
Fax. (877) 320-5751
Attorney for Defendant
Jett Jones Energy, LLC

## CERTIFICATE OF SERVICE

I certify that on October 6th, 2016 a true and correct copy of Defendants' Answer, Counterclaims, and Special Exceptions was served on Darrell L. Clements electronically at dclements.txlawyer@gmail.com, and the electronic transmission was reported as complete.

*Josh B. Maness*

Josh B. Maness
E-mail:josh@joshmaness.com

<u>NO. 1600141</u>

| | | |
|---|---|---|
| KMK OIL & GAS, INC. AND | § | IN THE DISTRICT COURT |
| KENNETH M. KLEINKE | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 276/115 JUDICIAL DISTRICT |
| | § | |
| JETT JONES ENERGY, LLC | § | |
| Defendant. | § | OF MARION COUNTY, TEXAS |

<u>VERIFICATION</u>

BEFORE ME, the undersigned authority, personally appeared Jett Jones, who being duly sworn, deposed as follows:

"My name is Jett Jones.  I am the same Jett Jones named in the above referenced lawsuit. I am the President of Jett Jones Energy, LLC. I am at least 18 years of age and of sound mind.  I am personally acquainted with the facts alleged in Defendants' Verified Denial.  I hereby swear that the statements in support of Defendants' Verified Denial are true and correct."

_____
Jett Jones, as the President of Jett Jones Energy, LLC

SUBSCRIBED AND SWORN TO BEFORE ME on Oct. 5, 2016 , by Jeff Jones .

MARTHA FEILLE
Notary Public
STATE OF TEXAS
My Comm. Exp. 09-02-2018

_____
Notary Public, State of Texas